Filed 4/1/25  P. v. Lagasse CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>COREY RYAN LAGASSE,<br><br>    Defendant and Appellant. | C100960<br><br>(Super. Ct. Nos. 24CF00099,<br>24PCS00144) |

Appointed counsel for defendant Corey Ryan Lagasse has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to him, we will affirm the judgment.

1

BACKGROUND

The complaint in the instant case (case No. 24CF00099) charged Lagasse with carrying a dirk or dagger. (Pen. Code, § 21310.)[1] It further alleged Lagasse had been convicted of a prior serious or violent felony. (§§ 667, subd. (d), 1170.12, subd. (b).)

In January 2024, police responded to a call about a man knocking on doors causing a disturbance. The responding officer found Lagasse, who identified himself and claimed to be trying to find a friend's apartment. The officer determined Lagasse had a felony "no bail" warrant for his arrest. Lagasse had an 11-inch kitchen knife in his pocket that had a blade length of six inches.

Pursuant to a written plea agreement, Lagasse pled no contest to carrying a dirk or dagger in exchange for dismissal of the prior strike allegation. The trial court dismissed the prior strike allegation with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 and referred Lagasse for a drug court suitability assessment. However, Lagasse was found unsuitable for drug court.

The trial court sentenced Lagasse to the middle term of two years in state prison for this conviction. It imposed a $300 restitution fine (§ 1202.4, subd. (b)), a matching parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The court also credited Lagasse with 192 days of custody credit, consisting of 96 days of local time and 96 days of conduct credit.

Lagasse committed the current offense while on postrelease community supervision (PRCS) in a separate case (case No. 24PCS00144) stemming from a 2021 burglary conviction (§ 459). As a result of his plea in the instant action, the trial court found him in violation of PRCS. After sentencing Lagasse to two years in prison for the current conviction, the court terminated his PRCS as unsuccessful and imposed a

---

[1] Undesignated statutory references are to the Penal Code.

concurrent 180-day jail sentence for the violation.  Lagasse filed a timely notice of appeal and did not obtain a certificate of probable cause.

## DISCUSSION

Lagasse's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  He was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  We have not received any communication from Lagasse.  We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
BOULWARE EURIE, Acting P. J.


We concur:


_____/s/_____
MESIWALA, J.


_____/s/_____
WISEMAN, J.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.